UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**IRENE E. EBOCH**,                    Case Number 5:12 CV 649

    Plaintiff,                        Judge John R. Adams

    v.                                REPORT AND RECOMMENDATION

**COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.                        Magistrate Judge James R. Knepp II

### Introduction

Plaintiff Irene E. Eboch filed a Complaint (Doc. 1) against the Commissioner of Social Security seeking judicial review of the Commissioner's decision to deny disability insurance benefits (DIB) and supplemental security income (SSI). The district court has jurisdiction under 42 U.S.C. § 405(g) and § 1383(c)(3).

This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(1). For the reasons stated below, the undersigned recommends the Commissioner's decision be affirmed.

### Procedural Background

Plaintiff filed an application for DIB and SSI, alleging disability since March 1, 2003 (Tr. 13, 85-88, 89-91) due to rheumatoid arthritis, osteoarthritis, obstructive sleep apnea, and gastroesophageal reflux disease (GERD) (Tr. 15). Plaintiff's claims were denied initially (Tr. 63) and upon reconsideration (Tr. 71). Plaintiff requested a hearing before an administrative law judge (ALJ). (Tr. 24). After a hearing, where Plaintiff, her attorney, and a vocational expert (VE) appeared, the ALJ denied Plaintiff's claims. (Tr. 10-19, 24-58). The ALJ found Plaintiff's

impairments were severe but did not prevent her from performing a range of light work, including prior work as a cashier. (Tr. 15-16). The Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner. (Tr. 1); 20 C.F.R. §§ 404.955, 404.981; 416.1455, 416.1481. On March 16, 2012, Plaintiff filed the instant case. (Doc. 1).

## Factual Background

At the ALJ hearing, the VE cited an article in support of his conclusion Plaintiff could perform past relevant work as a cashier. Subsequently, the ALJ relied on the VE's testimony to conclude Plaintiff could perform prior work as a cashier and referenced the publication cited by the VE in her decision. Plaintiff contends the ALJ violated Plaintiff's due process rights by failing to provide the article to Plaintiff for review.

Because Plaintiff challenges only the ALJ's reliance on VE testimony, she waives any claims regarding the ALJ's determinations of her medical conditions or residual functional capacity (RFC). *See, e.g.*, *Swain v. Comm'r of Soc. Sec.*, 379 Fed.Appx. 512, 517-18 (6th Cir. 2010) (noting failure to raise a claim in merits brief constitutes waiver). Therefore, the undersigned focuses on the ALJ's decision as it relates to due process and VE testimony.

### *ALJ Hearing*

During the ALJ hearing, the VE testified Plaintiff could perform past relevant work as a cashier, defined in the *Dictionary of Occupational Titles* (DOT) as Cashier II. (Tr. 48). The ALJ posed a hypothetical indicating a person similarly situated to Plaintiff's age, education, employment, and background. (Tr. 48). In addition to other tasks, the hypothetical person could handle and finger frequently with the non-dominant hand and occasionally with the dominant hand. (Tr. 48). The VE testified this hypothetical person was capable of performing cashier work according to the DOT. (Tr.

48). The VE also cited a study on forensic vocational analysis "where they actually studied [c]ashiers" in various locations such as grocery stores and fast-food restaurants. (Tr. 48). The study revealed "between ninety and one hundred percent" of cashiers could perform their positions with one arm. (Tr. 48). The study cited by the VE was: *Employer Validation of Jobs Performed With One Arm*, Journal of Vocational Analysis, Volume 11, number 2, summer edition 2008. (Tr. 49, 52). The VE testified the study was done "because of hypotheticals asked to vocational experts in Social Security hearings." (Tr. 49). The ALJ questioned the VE about whether the journal would be authoritative, to which the VE responded: "If you're Board Certified, this is the journal – [t]he ones who are Board Certified, this is our public measure." (Tr. 50) When questioned further by the ALJ about his testimony being consistent with the DOT, the VE responded: "There [is] nothing in conflict with the [DOT]. It [has] been supplemented as I said by a research study that has been cited in the record." (Tr. 51).

Plaintiff's counsel requested a copy of the study be included in the record. (Tr. 52).  What followed is the genesis of Plaintiff's appeal.

ATTY:        Judge, can we copy that and include it in the record please, along with a copy of the cover of that journal?

VE:        I think you can probably make a copy of the journal. You're probably going to have to write - [i]t says here you're not to copy without permission. But you could probably get the cover of the journal.

ATTY:        Judge, I'm just thinking that if he's relying on it, I would want it as part of the record so it can be subject to review if necessary.

ALJ:        And I do understand that.

VE:        There is a copy of this on its way. Judge Round is citing it. So, there will be a copy in the office. It says permission needed to make copies.

3

| ALJ: | Okay. And I understand that aspect of it. What we'll do, is we'll definitely make a  copy of the cover because we need to know where it came from. And also with the appropriate citation to the document. Counsel, I'm sure if it is something that is attainable, what I would do is give you ample opportunity to review that article and should you have some conflicting research or expert opinion about that I will give you ample time to submit that as well. |
|---|---|
| ATTY: | Okay. Just so I understand then, so if it is something that is going to be relied upon by the court then I will have a chance to review the article and react to it. |
| ALJ: | Absolutely. |
| ATTY: | If it is not relied upon, then we're talking about a [moot] issue, but that's [how] we would handle my, I guess, motion to include that article into the - |
| ALJ: | Yes, yes. |

(Tr. 52-53).

Plaintiff's counsel continued to question the VE about the article and the study cited. (Tr. 52-53). The VE admitted he did not partake in the study; however, he did not find the study to be in conflict with the regional economy in Northeast Ohio. (Tr. 53). The VE testified he had personally seen cashiers performing their positions with one extremity. (Tr. 53).

### ALJ Decision

The ALJ found Plaintiff had the following severe impairments: rheumatoid arthritis, obstructive sleep apnea, and GERD. (Tr. 15). Nonetheless, the ALJ found Plaintiff had the RFC to perform a range of light work. (Tr. 16).

Specifically, [Plaintiff] can lift, carry, push and pull 20 pounds occasionally and ten pounds frequently. [Plaintiff] can sit for six hours and stand and/or walk for six hours in a normal workday. She can occasionally bend, balance, and stoop. She cannot kneel or crawl. She can reach and feel in all directions. She can frequently handle and finger with the non-dominant hand. She can occasionally handle and finger with the dominant hand. She must avoid exposure to temperature extremes,

4

humidity, wetness, and hazardous work conditions.

(Tr. 16).

The ALJ compared Plaintiff's RFC with the physical and mental demands of Plaintiff's past work as a cashier and found Plaintiff capable of performing past work as a cashier. (Tr. 18).  The ALJ cited VE testimony regarding Plaintiff's RFC and the VE's conclusion Plaintiff was not precluded from performing past work as a cashier. (Tr. 19). The ALJ mentioned the article cited by the VE:

> In support of his testimony, the [VE] cited an article entitled "*Employer Validation of Jobs Performed with One Arm*" from The Journal of Forensic Vocational Analysis, Volume 11, Number 2. [The VE] said that the article included results from a study that even persons with only one arm are capable of 90% of all cashier jobs.

(Tr. 19).

The ALJ found the VE's testimony credible because it was based on his professional experience, was consistent with the DOT, was based on reliable data, and was not contradicted. (Tr. 19); *See* SSR 00-4p.

## Standard of Review

In reviewing the denial of Social Security benefits, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474

5

F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)). Even if substantial evidence or indeed a preponderance of the evidence supports a claimant's position, the court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

### Standard for Disability

Eligibility for SSI and DIB is predicated on the existence of a disability. 42 U.S.C. §§ 423(a); § 1382(a). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a); *see also* 42 U.S.C. § 1382c(a)(3)(A). The Commissioner follows a five-step evaluation process – found at 20 C.F.R. §§ 404.1520 and 416.920 – to determine if a claimant is disabled:

1. Was claimant engaged in a substantial gainful activity?

2. Did claimant have a medically determinable impairment, or a combination of impairments, that is "severe," which is defined as one which substantially limits an individual's ability to perform basic work activities?

3. Does the severe impairment meet one of the listed impairments?

4. What is claimant's residual functional capacity and can claimant perform past relevant work?

5. Can claimant do any other work considering her residual functional capacity, age, education, and work experience?

Under this five-step sequential analysis, the claimant has the burden of proof in Steps One through Four. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at Step Five to establish whether the claimant has the residual functional capacity to perform available work in the

6

national economy.  *Id.* The court considers the claimant's residual functional capacity, age, education, and past work experience to determine if the claimant could perform other work. *Id.* Only if a claimant satisfies each element of the analysis, including inability to do other work, and meets the duration requirements, is she determined to be disabled. 20 C.F.R. §§ 404.1520(b)-(f) & 416.920(b)-(f); *see also Walters*, 127 F.3d at 529.

### Discussion

Plaintiff raises two objections:

1.      The ALJ erred by denying Plaintiff due process; and

2.      The ALJ erred by relying on vocational expert testimony that was not based on substantial evidence.

(Doc. 14, at 1, 8-13). For the reasons that follow, Plaintiff's objections are not well-taken.

Plaintiff contends the ALJ violated her due process rights for three reasons. First, by failing to follow the procedures set forth in the Hearings, Appeals and Litigation Law Manual (HALLEX) of the Social Security Administration (SSA), which provides safeguards and procedures for administrative proceedings. *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 397 (6th Cir. 2008). Second, by failing to provide Plaintiff with a full and fair hearing pursuant to case law concerning post-hearing evidence. And third, by failing to follow through on assurances to put the article cited by the VE in the record or provide it to Plaintiff for review.

### *Due Process Legal Standard*

The Due Process clause of the 5th Amendment guarantees that no deprivation of life, liberty or property will occur without notice and a fair hearing. *Adams v. Massanari*, 55 Fed. Appx. 279, 286 (6th Cir. 2003) (quotations omitted). Logically, Plaintiff must first establish that the "United States [is] attempting to deprive [her] of a protected interest." *Flatford v. Chater*, 93 F.3d 1296, 1303

(6th Cir. 1996). Plaintiff easily satisfies this element since "a social security claimant has a property interest in benefits for which he or she hopes to qualify." *Id.* at 1304.

Next, Due Process requires that a social security hearing be 'full and fair.' *Adams*, 55 Fed. Appx. at 286 (quoting *Perales v. Richardson*, 402 U.S. 389, 402-02 (1971)). This requires the Court to consider three factors:

> [1]] the private interest that will be affected by the official action; [2]] the risk of erroneous deprivation of such interest through the procedure used, and the probable value, if any of additional or substitute procedural safeguards; [and 3] the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Adams*, 55 Fed. Appx. at 286; *see also Flatford*, 93 F.3d at 1306 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 334 (1996)).

As to the first factor, Plaintiff's private interest is her interest in a fair determination of her qualification (or lack thereof) for Social Security disability benefits and a meaningful opportunity to present her case. *Adams*, 55 Fed. Appx. at 286.

As to the second factor, Plaintiff argues the ALJ's failure to follow the procedures set in HALLEX denied her a full a fair hearing and that case law pertaining to post-hearing medical evidence should be applicable here. However, each argument fails.

First, agency procedures set forth in HALLEX may embody, but do not *create* federal due process rights for claimants. *Dukes v. Comm'r of Soc. Sec.*, 2011 WL 4374557, *9 (W.D. Mich 2011) (quotations omitted). A court may certainly find that a procedure provides a plaintiff with due process. However, failure to apply a procedure which is not the embodiment of a Constitutional right does not deprive a claimant of federal due process rights. *Id*.

Second, assuming, *arguendo*, HALLEX was, in this instance, providing Constitutional due process, Plaintiff's argument premised on such an administrative procedure would still fail, as the

8

sections cited by Plaintiff are inapplicable to the facts here. Plaintiff relies upon HALLEX I-2-8-25(D) to argue the ALJ was required to submit a pre-decision proffer concerning evidence used to aid her in adjudicating Plaintiff's claim. (Doc. 14, at 9). However,  HALLEX  I-2-8-25(D) refers only to materials of a *medical* nature. Specifically, it states: "[t]he ALJ must not cite medical texts and medical publications as the authority for resolving any issue. If it is necessary to refer to a medical text or medical publication, the ALJ must submit the material to the claimant or representative for review and make it part of the record." HALLEX  I-2-8-25(D). This is simply not what occurred here.

The VE cited what he testified to be an authoritative publication as a reference underpinning his opinion. The ALJ, in turn, relied upon the VE's opinion. And, in any event, the publication at issue is not a *medical* publication. It is, by title and description, a journal of vocational analysis. (Tr. 49, 52). The other procedure referenced by Plaintiff, HALLEX I-2-7-30, is the procedure for consideration of post-hearing evidence. However, the ALJ did not rely on  medical evidence obtained post-hearing. Rather, the ALJ relied on VE testimony, which referenced a study regarding one-armed cashiers. (*See* Tr. 19, 49, 52). Plaintiff's reliance upon non-existent violations of these HALLEX provisions as a basis for finding that her due process rights were violated is not well-taken.

Plaintiff also argues case law concerning post-hearing medical evidence gives credence to her proposition that the hearing was not full and fair. Consideration of medical evidence received only after a hearing and without giving the claimant an ability to either cross examine the authors or rebut the reports can result in deprivation of the claimant's due process rights. *Watkins v. Sec'y of Health and Human Servs.*, 7 F.3d 237, 1993 WL 393075, at *1 (6th Cir. 1993) Here, Plaintiff's

claim does not involve medical reports or post-hearing evidence. The authorities cited by Plaintiff are simply inapplicable. Rather, Plaintiff's claimed deprivation is founded upon a vocational article cited by a VE during a hearing at which Plaintiff was present.

There is an administrative procedure applicable to the ALJ's consideration of VE testimony, SSR 00-4p, 2000 WL 1898704. Specifically, this section provides, in pertinent part:

> Occupational evidence provided by a VE . . . generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether there is such consistency.

SSR 00-4p.

When confronted with possible inconsistent evidence, an ALJ must question the VE regarding evidentiary inconsistencies with the DOT. The ALJ met this requirement by specifically asking, "[I]s your testimony consistent with the [DOT]?" (Tr. 51). To which the VE responded, "There [is] nothing in conflict with the [DOT]." (Tr. 51). Moreover, Plaintiff's counsel questioned the VE regarding the study and the VE confirmed the study was accurate based on his personal experience and was consistent with the regional economy in northeast Ohio. (Tr. 53). The ALJ followed the proper administrative procedure when confronted with VE testimony which she thought might be in conflict with the DOT. There was no need for the reference cited by the VE to be placed in evidence.

Last, Plaintiff asserts a due process right was created when the ALJ promised to send her a copy of the article or place a copy of the cover in the record. (Doc. 14, at 10-11).  Plaintiff is incorrect. Fundamentally, the ALJ had no duty to provide Plaintiff's counsel with the  article. *See*

10

SSR 00-4p. And, in any event, the failure is harmless in that the VE cited to the article twice during the hearing, putting Plaintiff's counsel on notice of the publication. (Tr. 49, 52). Contrary to Plaintiff's assertion, the article did not frame the basis of the VE's testimony. But most importantly, the record is clear the article cited by the VE was used to bolster the VE's conclusion that Plaintiff could perform work as a cashier according to the DOT. (*See* Tr. 51-52). The ALJ asked the VE if Plaintiff could perform cashier work according to the DOT and the VE answered in the affirmative. (Tr. 48). The VE then stated, "[a]nd I want to cite a survey *also*." (Tr. 48) (emphasis added).  When questioned again about the study, the VE stated, "[t]here is nothing in conflict with the [DOT].  *It has been supplemented* as I said by a research study that has been cited in the record." (Tr. 51) (emphasis added). In addition, Plaintiff's counsel cross-examined the VE about the study, which the VE stated was consistent with his own experience. (Tr. 53). Further, the article was based on cashiers with one extremity. Notably, Plaintiff has both extremities and is not only capable of frequently handling with the non-dominant hand, but also occasionally handling with the dominant hand. (Tr. 16). Thus, the ALJ's conclusion that Plaintiff was capable of performing her prior work as a cashier was supported by substantial evidence.

The ALJ was not required to provide Plaintiff with an article that merely supplemented the VE's conclusion that Plaintiff could perform past work as a cashier according to the DOT and her failure to do so was, most assuredly, not a deprivation of Plaintiff's due process rights.

### Conclusion and Recommendation

Following review of the arguments presented, the record, and the applicable law, the Court finds the Commissioner's decision denying SSI and DIB benefits supported by substantial evidence. The undersigned therefore recommends the Commissioner's decision be affirmed.

11

s/James R. Knepp II
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).