UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IRENE E. EBOCH | ) | CASE NO. 5:12CV649 |
|     Plaintiff, | ) | JUDGE JOHN R. ADAMS |
|  -vs- | ) | |
| | ) | MEMORANDUM OF OPINION |
| COMMISSIONER | ) | AND ORDER |
| OF SOCIAL SECURITY | ) | |
|     Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Irene Eboch to the Report and Recommendation ("R&R") of the Magistrate Judge. This action was referred to the Magistrate Judge for an R&R on Plaintiff's Appeal of the Social Security Administration's decision to deny disability insurance benefits and supplemental security income. The Magistrate Judge issued an R&R recommending that the Commissioner's decision be affirmed. Plaintiff timely objected, and the Commissioner responded generally to the objections.

For the reasons stated below, the objections are denied. The Court adopts the Magistrate Judge's R&R and the decision of the Social Security Administration is AFFIRMED.

**I.    Standard of Review**

The District Court conducts a de novo review of those portions of a Magistrate Judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). In social security cases, ultimate judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.,* 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence

supports the Commissioner's decision, this Court will defer to that fact finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

## II. Background

Plaintiff filed her application asserting a disability onset since March 1, 2003 due to rheumatoid arthritis, osteoarthritis, obstructive sleep apnea, and gastroesophageal reflux disease. Her claims were denied and therefore Plaintiff sought reconsideration and requested a hearing before an Administrative Law Judge. Plaintiff was represented by counsel at the hearing and the testified on her own behalf. The ALJ also heard from an impartial vocational expert. Upon review, the ALJ denied disability benefits at step four of the five-step sequential evaluation process for determining whether an individual is disabled, concluding that Plaintiff was capable of performing her past relevant work as a cashier. The Appeals Council thereafter denied Plaintiff's request for review. Plaintiff then sought review from this Court.

In making his decision that Plaintiff was capable of performing her past relevant work as a cashier, the ALJ cited to the vocational experts testimony. The ALJ noted that Plaintiff had performed such work in the past 15 years, had performed it long enough to learn it, and had performed such work at substantial gainful activity levels. Notably, the ALJ explained that the vocational expert supported his testimony by citing to an article entitled "*Employer Validation of Jobs Performed with One Arm*" from The Journal of Forensic Vocational Analysis, Volume 11, Number 2. The vocational expert testified that this article included results from a study that even persons with only one arm are capable of 90% of all cashier jobs. The ALJ accepted the vocational expert's testimony as credible because it was based on his professional experience, was generally consistent with the Dictionary of Occupational Titles, was based on sources that are considered to be reliable, and because it was not contradicted.

On appeal to this Court, Plaintiff challenges the ALJ's reliance on the vocational expert's testimony only.  In her brief, she contends that 1) The ALJ erred by denying Plaintiff due process, and 2) the vocational expert's testimony is not supported by substantial evidence; therefore, the ALJ's reliance upon this testimony is likewise not supported by substantial evidence.  Specifically, Plaintiff takes issue with the ALJ accepting the vocational expert's testimony which was based in part on the article cited above.  Plaintiff contends that the ALJ did not submit the article into the record nor did he provide her with a copy to give her the opportunity to respond as agree to at the hearing.

The R&R resolves both of these issues in the negative, concluding after a thorough review that Plaintiff's objections were not well taken.

### III.     Plaintiff's Objections to the R&R

As stated above, this Court's review of a Magistrate Judge's R&R is limited to the portions of the R&R to which the Plaintiff *specifically* objects.  In this case, Plaintiff does not delineate specific objections to the R&R.  Rather, she simply reiterates the arguments she made before the Magistrate Judge. Plaintiff's "objections" track the R&R, however, they neglect to point out any flaw in the Magistrate Judge's reasoning, other than she simply does not like the result.  "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Block*, 327 F.Supp.2d 743, 747 (E.D. Mich., 2004).  The purpose of objections to an R&R is to "enable[] the district judge to focus attention on those

issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn,* 474 U.S. 140, 147 (1985).

> A general objection to the magistrate's report has the same effect as a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. *Howard v. Secretary of Health and Human Servs.,* 932 F.2d 505, 509 (6th Cir.1991).

*Block*, 327 F.Supp. at 747-48. In an abundance of caution, the Court has thoroughly reviewed the R&R and Plaintiff's objections to determine if any issue stated in the objections could be construed as an argument that the magistrate judge erred. The Court concludes that Plaintiff raises no cognizable objections with regard to the R&R's conclusion that Plaintiff was not deprived due process.

It appears, however, that Plaintiff objects to the Magistrate Judge's conclusion that the article in question was used to bolster the vocational expert's conclusion that Plaintiff could perform her past relevant work. In other words, Plaintiff argues that the Magistrate Judge misconstrued the vocational expert's testimony or the ALJ's treatment of that testimony. This contention is without merit.

The R&R specifically cites the testimony of the VE that demonstrates that this article was used as a *supplement* to his testimony. The testimony makes clear that his primary conclusion was drawn from the DOT and the article simply bolstered the vocational expert's conclusion that Plaintiff could perform cashier work according to the DOT. Specifically, when asked by the ALJ whether Plaintiff could perform cashier work according to the DOT the vocational expert answered affirmatively and then stated "[a]nd I want to cite a survey *also*." Emphasis added,

Trans. Pg. 48. Finally, as the R&R notes, the ALJ specifically asked the vocational expert if his testimony was inconsistent with the DOT. The vocational expert stated that "[t]here's nothing in conflict with the Dictionary of Occupational Titles. It's been supplemented as I said by a research study that has been cited in the record." Trans. Pg. 51. As such, the Magistrate Judge's recommendation on this issue is clearly supported by the record. Plaintiff's objection is without merit.

## IV. Conclusion

Plaintiff's objections are DENIED. The Court ADOPTS the Magistrate Judge's Report and Recommendation. The matter is hereby AFFIRMED.

IT IS SO ORDERED.

Dated: March 27, 2013                             /s/ John R. Adams
                                                  UNITED STATES DISTRICT JUDGE

5